THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STANLEY BOCLAIR, Defendant-Appellant.

Fourth District   No. 4—85—0384

Opinion filed December 12, 1985.—Rehearing denied January 16, 1986.

John H. Mathias, Jr., and Joel T. Pelz, both of Jenner & Block, of Chi-

cago, for appellant.

Donald D. Bernardi, State's Attorney, of Pontiac (Robert J. Biderman and Gwendolyn Klingler, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE MORTHLAND delivered the opinion of the court:

On November 1, 1984, an indictment charged defendant Stanley Boclair with four counts of murder. The trial court appointed the public defender to represent the defendant, along with an investigator to assist defense counsel. Subsequently, the public defender withdrew as counsel and the court appointed the law firm of Jenner & Block to represent the defendant. The investigator continued to assist the new defense counsel in preparing for trial.

Both the prosecution and the defense filed motions for discovery. The People's response to the defendant's discovery request ultimately produced the names of more than 200 potential prosecution witnesses. Jenner & Block attorney Joel T. Pelz, the defendant's counsel, commenced interviewing many of these prosecution witnesses with the assistance of the court-appointed investigator. The State had similarly requested the names of defense witnesses along with "their relevant written or recorded statements, including memoranda reporting or summarizing their oral statements." At a hearing on March 14, 1985, the State expanded this discovery request to include "notes and memoranda that are being prepared or taken during [defense] interviews" of witnesses originally named by the State. Defense counsel objected to this expanded request, and a second hearing was held on March 28, 1985.

On May 9, 1985, the court ruled that pursuant to "Supreme Court Rule 413(d)(ii) and (e) and the inherent authority of the judiciary to control and regulate the administration of criminal justice," the State was entitled to discover the interview notes. The court ordered defense attorney Pelz to submit the reports for *in camera* inspection. The trial judge inspected the reports and highlighted those portions which he believed were relevant and did not contain impressions or characterizations of the individuals who were interviewed. The trial court then ordered Pelz to turn over to the State's Attorney the highlighted portions of the reports. The court noted that in reviewing the reports, it had no knowledge of what might be impeaching material. Mr. Pelz refused to deliver the notes to the prosecution, asserting they contained protected "work product" and were not discoverable by the prosecution under Supreme Court Rule 413 (87 Ill. 2d R. 413).

The trial court held attorney Pelz in contempt of court, sentencing him to six days' conditional discharge. Mr. Pelz appeals from the contempt holding.

On appeal, Pelz reasserts his arguments that Supreme Court Rule 413 does not require him to turn over the investigator's reports during pretrial discovery and that the reports contain protected work product. In addition, Pelz claims that forcing him to turn over the reports would violate his client's rights of effective assistance of counsel and due process. He also asserts that Rule 413 was enacted in violation of the separation of powers doctrine. We agree with the appellant that these reports are work product. Likewise, they are not discoverable before trial pursuant to Supreme Court Rule 413 under the facts of this case. However, since the appellant did not raise his constitutional arguments at the trial court, those issues are not properly before this court and are waived. *People v. Amerman* (1971), 50 Ill. 2d 196, 279 N.E.2d 353.

█ Initially, we note that the supreme court rules on discovery intend to supplant the trial court's inherent jurisdiction over the criminal justice process during the pretrial stages. (*People v. Grier* (1980), 90 Ill. App., 3d 840, 413 N.E.2d 1316; see also *Bruske v. Arnold* (1969), 44 Ill. 2d 132, 254 N.E.2d 453.) Accordingly, the trial judge has discretion to order pretrial discovery only as permitted by supreme court rule. This inherent power could not authorize the trial court order presently at issue.

We reject the argument that Supreme Court Rule 413 requires the investigator's reports to be turned over upon timely request. In relevant part, Rule 413 reads as follows:

"(d) Defenses. Subject to constitutional limitations and within a reasonable time after the filing of a written motion by the State, defense counsel shall inform the State of any defenses which he intends to make at a hearing or trial and shall furnish the State with the following material and information within his possession or control:

(i) The names and last known addresses of persons he intends to call as witnesses together with their relevant written or recorded statements, including memoranda reporting or summarizing their oral statements, an[y] record of prior criminal convictions known to him; and

(ii) any books, papers, documents, photographs, or tangible objects he intends to use as evidence or for impeachment at a hearing or trial;
    * * *

(e) Additional Disclosure. Upon a showing of materiality, and if the request is reasonable, the court in its discretion may require disclosure to the State of relevant material and information not covered by this rule." 87 Ill. 2d R. 413.

The trial court properly rejected application of subsection (d)(i) in the present case, because the reports at issue do not summarize statements of defense witnesses.

Nevertheless, the trial court did find that subsection (d)(ii) of Rule 413 authorized discovery of the reports. This determination was erroneous. The State contends, in essence, that the "papers" referred to in subsection (d)(ii) include the reports at issue in this case. The State's argument would interpret subsection (d)(ii) as a "catchall" provision—permitting discovery of items admittedly prepared by the defense in anticipation of litigation, but which do not qualify as expert's reports under subsection (c), nor as defense witness statements under subsection (d)(i). (87 Ill. 2d R. 413(c), (d)(i).) Giving "papers" the broad definition which the State's interpretation requires ignores the existence of the subsection (e) "catchall" provision. Moreover, such broad interpretation would vitiate the work product doctrine as set forth in Supreme Court Rule 412(j). We reject an interpretation with such far-reaching consequences.

In the present context, ordering discovery under Rule 413 raises a further problem in that defense counsel asserts that these notes would not be used to impeach the State's witnesses. At most, counsel states, the notes will be used to refresh the defense investigator's recollection if he testifies as an impeaching witness. Accordingly, the notes would not be material intended to impeach prosecution witnesses as contemplated by Rule 413(d)(ii).

Finally, we conclude that the trial court's order does not fall within its discretion to permit additional discovery by the State under Rule 413(e). In interpreting the parallel catchall provision relating to discovery by the defense (87 Ill. 2d R. 412(h)), the appellate court has noted that this "discretionary provision was intended to have a small scope." (*People v. Manley* (1974), 19 Ill. App. 3d 365, 370, 311 N.E.2d 593, 597.) We believe the discretion provided for in Rule 413(e) should also be given a limited reading. The defense investigator's reports do not contain factual information not otherwise obtainable by the prosecution; their only value is to cross-examine the defendant's investigator should he take the stand. In the present case, the sought-after reports will be irrelevant unless and until the defendant's investigator testifies to impeach one of the State's witnesses. Unless that juncture is reached, the reports would merely give the State's Attorney insight

into defense counsel's approach to Stanley Boclair's defense. Although the trial court's order may serve expediency by permitting trial to continue without interruption if the defendant's investigator testifies, such considerations should not permit otherwise prohibited discovery. The State's Attorney has access to each person the defense has interviewed. He is not also entitled to use the effort of defense counsel to shore up weaknesses in his case or to uncover new avenues of inquiry. Acquiring the relevant portions of these reports at trial will adequately preserve the State's interest in answering impeachment of prosecution witnesses.

■ We also agree with Pelz that the materials at issue fall within the so-called work product privilege. Illinois does not generally require either the State or the defense to disclose its work product to the other before the trial. Supreme Court Rule 412(j)(i) prevents disclosure of "records, correspondence, reports or memoranda to the extent that they contain the opinions, theories or conclusions of the State or members of its legal or investigative staffs, or of defense counsel or his staff." (87 Ill. 2d R. 412(j)(i).) This rule clearly protects a report written by a defense investigator as if the defense attorney prepared the document himself. See also *People v. Knippenberg* (1977), 66 Ill. 2d 276, 362 N.E.2d 681.

The investigator's report at issue in the present case is quite similar to the report at issue in *Consolidation Coal Co. v. Bucyrus-Erie Co.* (1982), 89 Ill. 2d 103, 432 N.E.2d 250. In *Consolidation Coal,* the Illinois Supreme Court rejected the argument that notes and reports of an attorney's interviews with employees of his corporate client were not protected under the work product doctrine simply because those notes contained primarily factual information. The supreme court found that "notes regarding oral statements of witnesses, whether in the form of attorney's mental impressions or memoranda, necessarily reveal in varying degrees the attorney's mental processes in evaluating the communications. [Citations.]" (89 Ill. 2d 103, 109, 432 N.E.2d 250, 253.) In the present case, an investigator took notes of interviews conducted under the direction of defense counsel. As in *Consolidation Coal,* these notes and subsequent reports inevitably reflect defense counsel's evaluations and strategy—protection of which is the very heart of the work product doctrine. Although *Consolidation Coal* addresses discovery in the context of civil litigation, the concerns that case addresses are even more acute in the context of a criminal prosecution.

Likewise, the present case does not fall within the exception to the work product doctrine as expounded in *Consolidation Coal.* Be-

cause an attorney's notes and memoranda might, "on rare occasions, constitute the only source of factual material," the supreme court determined that an exception to the work product doctrine must be made in such instances. (*Consolidation Coal Co. v. Bucyrus-Erie Co.* (1982), 89 Ill. 2d 103, 111, 432 N.E.2d 250, 253.) In the present case, we are dealing with interviews of State witnesses. Presumably, the prosecution has as much, if not more, access to any information these witnesses have. Moreover, the State's primary interest in these reports is assertedly for their impeachment value should the defendant's investigator take the stand. We are not persuaded that these reports fall within the narrow exception to the work product doctrine permitting discovery of factual matters unavailable from other sources.

■ Despite our determination that the work product doctrine protects the reports at issue from pretrial discovery, the trial court may order them turned over to the prosecution should the defense use the investigator's testimony to impeach State witnesses. If the defendant's investigator testifies to impeach prosecution witnesses, the defendant will have waived the protection of the work product rule and may be required to turn over to the State any portion of these reports relevant to cross-examining the investigator. (*United States v. Nobles* (1975), 422 U.S. 225, 45 L. Ed. 2d 141, 95 S. Ct. 2160; *People v. Grier* (1980), 90 Ill. App. 3d 840, 413 N.E.2d 1316.) The defendant recognizes this rule and offers, in his brief before this court, to turn over any relevant materials if his investigator testifies to impeach State witnesses.

We find no merit in the State's contention that fairness or reciprocity requires defense counsel to turn over his investigator's reports before trial. Supreme Court Rule 413 provides liberal discovery privileges to the prosecution, and we see no reason to enhance those rights under the circumstances of this case. Moreover, even if the State's discovery rights do not precisely parallel those of the defendant, any tilt of the balance toward the defense accords with the notion that the prosecutor represents all the people of Illinois including the defendant, while defense counsel is advocate only for his client. The State's primary goal must be justice, while defense counsel looks primarily to his client's interests.

Similarly, we do not face a situation like that presented to the supreme court in *Williams v. Florida* (1970), 399 U.S. 78, 26 L. Ed. 2d 446, 90 S. Ct. 1893. In *Williams,* the high court upheld a Florida rule requiring a defendant to inform prosecutors if an alibi defense was anticipated, name the place defendant claimed to have been, and provide names and addresses of defense alibi witnesses. The alibi defense

is distinguishable from the reports at issue here by the ease with which a defendant can fabricate an alibi. Likewise, unless the defendant discloses his alibi witnesses, the State has no access to such information. By contrast, the information which the prosecution seeks in the present case is available without the defendant's cooperation since it comes from witnesses whom the State originally identified. Although the efforts of defense counsel might provide a short cut for the prosecution's investigators, simple efficiency is not enough to justify compelling this discovery.

For the foregoing reasons, the contempt citation of Joel T. Pelz is reversed and the cause remanded for further proceedings.

Reversed and remanded.

WEBBER and SPITZ, JJ., concur.