(No. 63132.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. STANLEY BOCLAIR, Appellee.

*Opinion filed February 20, 1987.—Rehearing
denied March 30, 1987.*

SIMON, J., took no part.

Neil F. Hartigan, Attorney General, of Springfield, and Donald D. Bernardi, State's Attorney, of Pontiac (Roma J. Stewart, Solicitor General, and Mark L. Rotert and Scott Graham, Assistant Attorneys General, of Chicago, and Kenneth R. Boyle, Robert J. Biderman and Gwendolyn W. Klingler, of the State's Attorneys Appellate Service Commission, of Springfield, of counsel), for the People.

Jerold S. Solovy, John H. Mathias, Jr., Barry Sullivan, Joel T. Pelz and Edward J. Lewis, of Chicago

(Jenner & Block, of counsel), for appellee.

JUSTICE RYAN delivered the opinion of the court:

In the case giving rise to this appeal, Stanley Boclair was charged with four counts of murder in the circuit court of Livingston County. While preparing his defense, defendant's court-appointed counsel and investigator interviewed many persons who were listed by the State as potential prosecution witnesses. During the course of pretrial discovery, the State requested discovery of the notes taken during these interviews by the defendant's investigator. When defendant's attorney refused to turn the notes over to the State, as ordered by the trial court, he was held in contempt of court. The appellate court reversed the trial court's pretrial discovery order and the contempt citation (139 Ill. App. 3d 350), and we granted the State's petition for leave to appeal. We now reverse the appellate court and affirm the trial court's contempt citation.

On November 1, 1984, defendant was charged with four counts of murder in connection with an incident that occurred while he was an inmate at Pontiac Correctional Center. Pursuant to defendant's trial on these charges, pretrial discovery motions were filed by both defendant and the State. In response to defendant's request for a list of the State's witnesses, the State listed over 200 potential witnesses, most of whom were inmates or employees of Pontiac Correctional Center. Both the State and defendant requested discovery of memoranda and notes of the other's investigators that reflected oral statements given by a witness or a potential witness, pursuant to Supreme Court Rules 412(a) and 413(d) (87 Ill. 2d Rules 412(a), 413(d)).

At two hearings held before the trial court, defendant objected to the State's request that he produce notes of his investigator that were prepared during interviews of

State witnesses. Defendant argued that the notes were not subject to pretrial discovery under Rule 413, that they were work product, and that his constitutional rights would be violated if he was required to produce the notes.

The trial court concluded that the notes were discoverable under Rules 413(d)(ii) and (e). The court ordered defendant to produce the notes for an *in camera* inspection to determine which, if any, portions of the notes were protected work product. The trial court inspected the notes, highlighted the discoverable portions, and ordered those portions produced. Defense counsel refused to produce the notes as ordered, and he was held in contempt and sentenced to "six days on conditional discharge conditioned upon [his] performing two hours of public service work."

Defendant's counsel sought review before the appellate court, and defendant's trial was continued pending the appellate court's decision. The appellate court reversed, concluding that production of the notes was not required under Rule 413, and that the notes were privileged under the work-product rule (87 Ill. 2d R. 412).

The State then filed its petition for leave to appeal to this court but did not seek a continuance of the trial or an expedited appeal. The underlying criminal action proceeded to trial and defendant was found guilty. The defense investigator's notes were produced at trial in accordance with the appellate court's decision.

The threshold question in this case is whether the issues raised by the parties are moot. Counsel argues that since the notes were produced at trial, and since defendant has been tried and convicted, this case is moot.

This court has held that a reviewing court must dismiss a pending appeal where the court has notice of facts which make it impossible to grant effective relief to either party. (*George W. Kennedy Construction Co. v.*

*City of Chicago* (1986), 112 Ill. 2d 70, 76.) We will not render an opinion when it would have only an advisory effect. (*People ex rel. Black v. Dukes* (1983), 96 Ill. 2d 273, 276.) A case is considered moot when it "presents or involves no actual controversy, interests or rights of the parties, or where the issues have ceased to exist." *People v. Redlich* (1949), 402 Ill. 270, 278-79.

In the instant case, defendant's attorney was cited for contempt for refusing to turn over designated portions of his investigator's notes to the State prior to trial. This was a civil contempt (see *People ex rel. Kazubowski v. Ray* (1971), 48 Ill. 2d 413, 416, *cert. denied* (1971), 404 U.S. 818, 30 L. Ed. 2d 118, 92 S. Ct. 78), which could be purged by compliance with the terms of the trial court's order (*Continental Illinois National Bank v. Brach* (1979), 71 Ill. App. 3d 789, 792-93). While it appears that defendant's attorney did in fact produce the investigator's notes relating to actual witnesses during the trial, this production was not in compliance with the trial court's order to produce all designated notes prior to trial. Counsel did not purge himself of contempt, and the contempt order, with its attendant sentence, remains to be enforced.

The trial court ordered defendant's attorney to produce his investigator's notes on the basis of Rules 413(d)(ii) and (e) and the inherent authority of the judiciary to control and regulate the administration of criminal justice. Since our adoption of Rule 413 has removed pretrial discovery by the prosecution from the purview of the trial courts' discretionary authority (*People v. Williams* (1981), 87 Ill. 2d 161, 165; *People v. Elbus* (1983), 116 Ill. App. 3d 104, 107), we consider only the statutory arguments.

The goals of pretrial discovery in a criminal trial are to promote the search for truth and to eliminate surprise as a trial tactic. (*People v. Rayford* (1976), 43 Ill. App.

3d 283, 286.) The same underlying goals are served both by discovery against the prosecution and by discovery against the defense. (See Zagel & Carr, *State Criminal Discovery and the New Illinois Rules*, 1971 U. Ill. L.F. 557, 584.) Rule 413 allows for broad disclosure to the prosecution subject to constitutional limitations in favor of the defendant, most commonly the privilege against unreasonable searches and seizures and the privilege against self-incrimination.

The State contends that the defense investigator's notes are discoverable under Rule 413(d)(ii), which provides that the defense must furnish the prosecution with "any books, papers, documents, photographs, or tangible objects he intends to use as evidence or for impeachment at a hearing or trial." (87 Ill. 2d R. 413(d)(ii).) We reject this interpretation and agree with the appellate court, which concluded that the word "papers" cannot be defined so broadly as to include the investigative notes at issue in this case.

The State also urges us to allow discovery of the defense investigator's notes under Rule 413(e). Rule 413(e) provides as follows:

> "Additional disclosure. Upon a showing of materiality, and if the request is reasonable, the court in its discretion may require disclosure to the State of relevant material and information not covered by this rule." (87 Ill. 2d R. 413(e).)

Under this rule, the trial court has limited discretion to order disclosure of relevant material to the State. The appellate court concluded that Rule 413(e) should be given a limited reading and, since the defense investigator's notes were only relevant if the investigator testified to impeach a State witness, application of the rule was not appropriate in this case.

Rule 413(e) allows the trial court to order additional discovery not covered in other sections of the rule. (See

87 Ill. 2d R. 413, Committee Comments.) While the scope of the court's discretion was intended to be limited (see *People v. Manley* (1974), 19 Ill. App. 3d 365, 370), we conclude that its application was appropriate in this case. Contrary to the appellate court's conclusion regarding the relevance of the investigator's notes, their use would not be limited to refreshing the defense investigator's recollection. In fact, the notes are relevant because they will prevent the State from being surprised by the inconsistent statements of its witnesses, and they will allow the State to prepare for impeachment and to rehabilitate its witnesses or restructure its case if necessary. Since the defense investigator's notes were material and relevant to the legitimate ends of discovery, we conclude that the trial court did not abuse its discretion by ordering discovery of the notes. See *People v. Lego* (1987), 116 Ill. 2d 323.

Defendant's counsel also argues that the investigator's notes are protected from discovery by the work-product privilege. On this issue, the appellate court agreed that the notes were protected under Rule 412(j)(i). The work-product rule provides that disclosure "shall not be required of legal research or of records, correspondence, reports or memoranda to the extent that they contain the opinions, theories or conclusions of the State or members of its legal or investigative staffs, or of defense counsel or his staff." 87 Ill. 2d R. 412(j)(i).

While we recognize that the work-product rule exists to protect the mental processes of an attorney and his investigators, we note that the privilege is not absolute. (*United States v. Nobles* (1975), 422 U.S. 225, 239, 45 L. Ed. 2d 141, 154, 95 S. Ct. 2160, 2170.) We outlined the scope and operation of the work-product rule in *People v. Szabo* (1983), 94 Ill. 2d 304. In *Szabo*, we concluded that handwritten notes taken during an interview with a witness are not work product *per se*. Instead, we stated

that "the determination whether memoranda summarizing a witness' oral statements consist of or contain privileged material is to be made by the court." *People v. Szabo* (1983), 94 Ill. 2d 327, 344.

In the case at bar, defendant's investigator's notes were examined *in camera* by the trial court. As required by *Szabo* (see also *People v. Bassett* (1974), 56 Ill. 2d 285, 292), the trial court excised irrelevant and privileged matter, and ordered defendant to turn over only the portions of the notes that contained factual statements which could "fairly be said. to be the witness' own words." (*People v. Szabo* (1983), 94 Ill. 2d 327, 345.) Therefore, we conclude that the work-product rule was not violated.

The judgment of the appellate court is reversed. The cause is remanded to the circuit court of Livingston County for the enforcement of its contempt order.

*Reversed and remanded.*

JUSTICE SIMON took no part in the consideration or decision of this case.