THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ROOSEVELT CORBBINS, Defendant-Appellant.

First District (6th Division)   No. 1—86—3303

Opinion filed June 30, 1989.—Rehearing denied August 28, 1989.

Randolph N. Stone, Public Defender, of Chicago (Bruce C. Landrum, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, James E. Fitzgerald, and Nancy G. Kaplan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE QUINLAN delivered the opinion of the court:

The defendant, Roosevelt Corbbins, appeals an order of the circuit court of Cook County granting the State's petition to increase the defendant's bail for violation of his bail bond conditions. The defendant contends that the trial court violated his due process rights when

it increased his bail and that the statute authorizing the court to raise the amount of bail is unconstitutionally vague.

On November 7, 1986, while defendant was out on bail for possession of a controlled substance in a case pending before Judge Cousins, he was arrested, pursuant to a warrant, for possession of 46 grams of a substance believed to be cocaine, having a street value of $7,728. When the defendant was brought before Judge Zissman in night bond court, the State asked the court for leave to file a petition for violation of bail bond conditions. The court granted the State's petition over defendant's objections.

The State then noted that defendant's criminal record went back to 1957 and included numerous bail bond forfeitures. The State asked the court for a $50,000 bond on the new charge and a $10,000 bond for the violation of his bail bond conditions. The defendant objected and argued that he was entitled to reasonable notice and a hearing before Judge Cousins on the violation of bail bond petition. The defendant also argued that the statute providing for an increase in bail for violation of the conditions of a bail bond was unconstitutionally vague because it did not clarify which judge, *i.e.*, the night bond court judge or the judge before whom the original charge was pending, had the authority to raise his bail bond. The defendant maintained that Judge Cousins, the judge before whom the original charge was pending, was the only judge who had the authority to raise the amount of bail on his original charge.

Judge Zissman ruled that the statute was constitutional and that he had the authority to set a bail bond on the State's petition for violation of bail bond conditions. Accordingly, the court set a bond of $35,000 on the substantive charge and of $5,000 on the petition for the violation of bail bond conditions. The court then set the matter concerning the petition for the violation of bail bond case on Judge Cousins' calendar for November 12, 1986. Subsequently, when the case went before Judge Cousins, Judge Cousins also entered an order increasing defendant's bail on the original charge by $5,000.

On appeal, the defendant claims that the trial court violated his due process rights because it failed to provide reasonable notice and a hearing on the State's petition for violation of bail bond conditions. The defendant also contends, as he did in the trial court, that the statute authorizing an increase in bail is unconstitutionally vague because it does not clarify the judge that may increase a bail bond for violation of its conditions. The challenged section states that "the court before which the proceeding is pending may increase or reduce the amount of bail." (Ill. Rev. Stat. 1987, ch. 38, par. 110—6(a).) The

defendant contends that this section is ambiguous because it could be interpreted to mean either the judge before whom the original action is pending or the bond court judge but apparently not both. Accordingly, the defendant asks this court to reverse and remand for a new bond hearing before the appropriate judge.

Initially, the State asserts that it was not necessary for it to give notice of violation of the bail bond to the defendant because it proved that the defendant violated his bail bond conditions when he was arrested for possession of a substance believed to be cocaine and the defendant obviously was aware of his own arrest. Further, the State seems to contend that Judge Zissman was not actually raising the bond on the charge pending before Judge Cousins, but was actually setting a new bond on the petition for violation of bail bond conditions. Therefore, the State argues, the defendant's due process rights were not violated.

The Illinois statute concerning the grant, reduction, increase or denial of bail provides, in pertinent part:

"(a) Upon application by the State or the defendant or on its own motion the court before which the proceeding is pending may increase or reduce the amount of bail ***.

(b) Violation of the conditions of paragraph (a)(4) of Section 110—10 of this Code shall constitute grounds for the court to increase the amount of bail, or otherwise alter the conditions of bail, or, where the alleged offense committed on bail is a forcible felony, revoke bail pursuant to the appropriate *** subsection (e) of this section.

***

(d) Reasonable notice of such application by the State shall be given to the defendant, except as provided in subsection (e).

(e) Upon verified application by the State stating facts or circumstances constituting a breach or a threatened breach of any of the conditions of the bail bond the court may issue a warrant commanding any peace officer to bring the defendant without unnecessary delay before the court for a hearing on the matters set forth in the application. At the conclusion of the hearing the court may enter an order authorized by subsection (a)." (Ill. Rev. Stat. 1987, ch. 38, pars. 110—6(a), (b), (d), (e).)

Additionally, the statute provides that a condition of bail bond shall be that the person released on bail shall not "violate any criminal statute of any jurisdiction." Ill. Rev. Stat. 1987, ch. 38, par. 110—10(a)(4).

We have been informed during oral argument that the procedure followed in this case has been in effect for several years. It would ap-

pear that the procedure which involves setting a bond on a "petition for violation of bail bond conditions" is without foundation. The assertions in the petition of a violation of bond conditions are not in themselves a crime for which bail may be independently imposed. Thus, setting a bond on such a petition appears to us to be inappropriate. However, we need not now decide that question because we find that the case is moot.

When a reviewing court has notice of facts which make it impossible for that court to grant effective relief to either party in a pending appeal, the court must dismiss the case. (*People v. Boclair* (1987), 119 Ill. 2d 368, 372, 519 N.E.2d 437, 438.) An appellate court will not render a judgment that will have only an advisory effect. (*Boclair*, 119 Ill. 2d at 373, 519 N.E.2d at 438.) A moot case is a case that presents no actual controversy or involves no interests or rights of the parties, or is a case where the issues have ceased to exist. *Boclair*, 119 Ill. 2d at 373, 519 N.E.2d at 439.

Here, we find that the issues raised by the defendant have ceased to exist since the defendant was in fact, on November 12, 1986, given a hearing before Judge Cousins on the violation of bail bond charges. Defendant was also given five days' notice of this hearing, and it was Judge Cousins himself who then entered an order raising defendant's bail bond by $5,000. The error as a result of the first proceeding of which the defendant complains was cured when he received a hearing before Judge Cousins, who defendant argues, was the judge who had the authority under the statute to raise his bail. Accordingly, we find this case to be moot.

Therefore, for these reasons, the appeal is dismissed.

Appeal dismissed.

EGAN, P.J., and McNAMARA, J., concur.