THE PEOPLE OF THE STATE OF ILLINOIS, *ex rel.* GWEN MARTIN, Director of the Department of Labor, Plaintiff-Appellant, v. DENNIS SMITH, d/b/a Smith and Son Oil, Defendant-Appellee.

Fourth District    No. 4—90—0297

Opinion filed November 26, 1990.

554

GREEN, J., dissenting.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and John A. Morrissey, Assistant Attorney General, of Chicago, of counsel), for appellant.

J. Richard Gehlbach II, of John R. Gehlbach Law Office, of Lincoln, for appellee.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

The plaintiff, Director of the Illinois Department of Labor (Department), by the Illinois Attorney General, appeals a trial court decision dismissing its complaint against defendant, Dennis Smith, d/b/a Smith and Son Oil. This complaint alleged the defendant failed to pay overtime wages in accordance to the Minimum Wage Law (Ill. Rev. Stat. 1987, ch. 48, pars. 1003, 1004a(1), 1012(b)). The trial court dismissed this complaint as barred by the three-year statute of limitations contained in section 12(a) of the Minimum Wage Law. (Ill. Rev. Stat. 1987, ch. 48, par. 1012(a).) We reverse and remand.

Plaintiff filed its complaint on July 17, 1989, on behalf of Douglas Shumard, who was employed by defendant. This complaint alleged during the period from December 13, 1983, until May 23, 1986, Shumard was not paid overtime wages properly due him under the Mini-

mum Wage Law. Plaintiff specifically filed this complaint under section 12(b) of the Minimum Wage Law. (Ill. Rev. Stat. 1987, ch. 48, par. 1012(b).) Defendant filed an affirmative defense, contending any claim for wages during the period alleged was barred by the three-year statute of limitations contained in section 12(a) of the Minimum Wage Law. Ill. Rev. Stat. 1987, ch. 48, par. 1012(a).

Defendant asserts the trial court's ruling renders the question regarding the statute moot. The trial court's docket entry reads as follows:

> "Court finds in favor of defendant and against the Plaintiff and further finds that action not brought within statute of limitations (see letter to counsel). Case dismissed."

In this letter referred to by the court, dated November 28, 1989, the court stated:

> "After having reviewed the appropriate statutes concerning this type of action I do hereby find that the Plaintiff has failed to bring this action within three years of the date of underpayment.
>
> Plaintiff has failed to show that the limitations section in any way exempts the State of Illinois from the clearly stated limitations period. For this reason the case is dismissed."

Since the docket entry first stated the court found in favor of the defendant and then stated the action was barred by the statute of limitations, defendant contends the court had already found in favor of defendant on the merits, and as such, its finding regarding the statute of limitations is superfluous, and a decision on this statute does not affect the outcome of this litigation.

■ However, the docket entry refers to the court's letter, which specifically states the reason for dismissal was the plaintiff's failure to show the limitations section exempted the State of Illinois from the stated limitations period. "A case is considered moot when it 'presents or involves no actual controversy, interests or rights of the parties, or where the issues have ceased to exist.' " (*People v. Boclair* (1987), 119 Ill. 2d 368, 373, 519 N.E.2d 437, 439, quoting *People v. Redlich* (1949), 402 Ill. 270, 278-79, 83 N.E.2d 736, 741.) The letter indicates the reason for dismissal was only the court's finding regarding the statute of limitations, not the merits of the case. This issue, central to the trial court's decision, remains in controversy and the argument of the defendant has no merit.

The issue presented is whether the Department's cause of action is barred by the statute of limitations contained in section 12(a) of the Minimum Wage Law. The relevant statute states:

"(a) If any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and any agreement between him and his employer to work for less than such wage is no defense to such action. Every such action shall be brought within 3 years from the date of the underpayment. Such employer shall be additionally liable to the employee for punitive damages in the amount of 2% of the amount of any such underpayments for each month during which such underpayments remain unpaid, or in an amount equal to such underpayments, whichever is smaller.

(b) The Director is authorized to supervise the payment of the unpaid minimum wages and the unpaid overtime compensation owing to any employee or employees under Sections 4 and 4a of this Act and may bring any legal action necessary to recover the amount of the unpaid minimum wages and unpaid overtime compensation and an equal additional amount as punitive damages, and the employer shall be required to pay the costs. Any sums thus recovered by the Director on behalf of an employee pursuant to this subsection shall be paid to the employee or employees affected. Any sums which, more than one year after being thus recovered, the Director is unable to pay to an employee shall be deposited into the General Revenue Fund." Ill. Rev. Stat. 1987, ch. 48, par. 1012.

Plaintiff argues the trial court erred by applying the three-year statute of limitations to the Department, since this limitation appears only in section 12(a), and the suit was brought under section 12(b). The plaintiff contends this statute of limitations applies solely to actions brought by employees, but not to actions brought by the State. Defendant argues this three-year limitation applies to any action brought under section 12 and, therefore, applies both to actions by employees or the State.

■ "The primary rule of statutory construction is to ascertain and effectuate the legislature's intent in drafting the statute." (*International Bureau of Fraud Control, Ltd. v. Clayton* (1989), 188 Ill. App. 3d 703, 710, 544 N.E.2d 416, 421.) When interpreting a statute to determine intent of the legislature, one must look first at the language of the statute itself. (*People ex rel. Scott v. Schwulst Building Center, Inc.* (1982), 89 Ill. 2d 365, 371, 432 N.E.2d 855, 858.) An examination of the legislative history of section 12 reveals it was first

enacted with no statute of limitations. (Ill. Rev. Stat. 1971, ch. 48, par. 1012.) A statute of limitations was first added by Public Act 83—203, effective Jan. 1, 1984 (Pub. Act 83—203, §1, eff. Jan. 1, 1984 (Ill. Rev. Stat. 1983, ch. 48, par. 1012)), and as in the 1987 version of the statute (Ill. Rev. Stat. 1987, ch. 48, par. 1012), the statute of limitations appeared in section 12(a) only and only in connection with employee actions, with an action by the Department in a separate subsection, which included no statute of limitations. These characteristics of section 12 remained unchanged through another amendatory change in Public Act 84—532. Pub. Act 84—532, §1, eff. Jan. 1, 1986 (Ill. Rev. Stat. 1985, ch. 48, par. 1012).

We find it significant when the legislature first amended the statute to include a statute of limitations, it did not include this same statute of limitations in the subsection providing for a cause of action by the Department. This remained unchanged by the 1986 amendment in Public Act 84—532. The legislative history of section 12 shows the legislature had several opportunities to add this limitation provision to the clause dealing with actions by the Department but failed to do so. It is also significant the sentence in section 12(a) provides "[e]very such action," rather than "all actions," indicating an intention to apply the statute of limitations specifically to actions brought by employees under section 12(a), not all actions brought under section 12. The language of section 12, as well as the history of amendments, indicates legislative intent to have the three-year statute of limitations apply only to circumstances enumerated in section 12(a), but not to section 12(b).

■ This same conclusion was arrived at by the Fifth District Appellate Court in *People ex rel. Martin v. Schwartz Oil Field Services, Inc.* (1990), 203 Ill. App. 3d 903, under substantially similar facts. In *Schwartz*, the Department's complaint was filed in September 1988, alleging defendant failed to pay employees time and a half for overtime work for the period between July 1982 and January 1985. The trial court granted defendant's motion to dismiss pursuant to the statute of limitations found in section 12(a) of the Minimum Wage Law. (*Schwartz*, 203 Ill. App. 3d at 904.) The appellate court reversed, holding the legislative history indicated "there was no legislative intent to impose a statute of limitations on actions brought by the State pursuant to section 12(b)." (*Schwartz*, 203 Ill. App. 3d at 907.) The *Schwartz* court also held the statutory language of section 12 was clear and unambiguous in showing "there is no statute of limitation on actions brought by the State pursuant to section 12(b)." (*Schwartz*, 203 Ill. App. 3d at 906.) We are persuaded the *Schwartz* analysis is

correct and hold there was no legislative intent for the statute of limitations of section 12(a) to bar actions brought by the Department under section 12(b).

Defendant cites *Amigleo v. Bernardi* (1988), 175 Ill. App. 3d 449, 529 N.E.2d 1020, in support of his contention the statute of limitations applies to both sections 12(a) and 12(b). The facts here are closer to those of *Schwartz*, and the issue in *Amigleo* was sufficiently different from that here as to diminish its persuasive value. In *Amigleo*, the plaintiffs were employees who were dissatisfied with the amount the Department determined as unpaid overtime compensation, because the Department would pursue such compensation only going back two years from the date the employee filed his claim with the Department. The plaintiffs brought an action against the Department for injunctive and monetary relief and for a writ of *mandamus* to compel the Department to take further legal action on claims running as far back as 10 years prior to the filing of their claims with the Department. In *Amigleo*, the Department contended its two-year investigative policy was consistent with the three-year statute of limitations in section 12(a). The *Amigleo* court found for the Department, holding the Department's policy was not unreasonable. *Amigleo*, 175 Ill. App. 3d at 458, 529 N.E.2d at 1026.

As part of its decision, the *Amigleo* court stated: "A logical interpretation of section 12 would be to apply the three-year limitations period to 12(b) as well as 12(a), because both sections deal with suits against the employer brought directly by or on behalf of the employee." (*Amigleo*, 175 Ill. App. 3d at 457, 529 N.E.2d at 1026.) This statement was *dicta*, since the decision in *Amigleo* was in the context of a challenge to the Department's two-year investigatory policy, and did not rest on the court's interpretation of section 12; the policy is not established either by statute or by the pertinent provisions of the Illinois Administrative Code (56 Ill. Adm. Code §§200.100 through 200.840 (1985)). By contrast, the issue here rests on interpretation of section 12 and the applicability of the statute of limitations of section 12(a).

Further, the facts in *Schwartz* are much more congruent with this case than those in *Amigleo*. While the substantive issue in *Amigleo* was the reasonableness of the Department's policy in view of the relief requested, both this case and *Schwartz* raise the issue of whether to bar the Department's cause of action based on the statute of limitations in section 12(a). We find the reasoning of *Schwartz* persuasive on the issue before us, and *Amigleo* is inapposite.

■ Defendant further argues since an assignee is subject to a

statute-of-limitations defense operable against the assignor, and the most recent amendment to section 12 allows an assignment of claims to the Department (Pub. Act 86—799, §2, eff. Jan. 1, 1990 (Ill. Rev. Stat. 1989, ch. 48, par. 1012)), the Department is subject to the same limitations defense as the employee. We disagree. This amendment, effective January 1, 1990, was not in effect when the instant complaint was filed or when the trial court ruled. This amendment concerns a procedural rule which would have the effect of shortening a statute of limitations so it cannot be applied retroactively so as to foreclose a cause of action which was otherwise timely filed within the limitations period. (*Hupp v. Gray* (1978), 73 Ill. 2d 78, 84, 382 N.E.2d 1211, 1214.) Therefore, the current version of section 12(a) cannot be the basis of judgment on this appeal, and any argument concerning assignment of rights is without merit. Moreover, the Department still has the right to bring an action in its own right irrespective of any assignment of rights the employee makes, and the possibility of assignment does not diminish this independent and separate legal right. (*Schwartz*, 203 Ill. App. 3d at 907.) Accordingly, the assertion the State is subject to the same statute of limitations solely on the basis of this optional statutory right of assignment is not persuasive.

The defendant argues an interpretation of section 12 which does not hold the Department to this three-year statute of limitations affords the Department broader power under section 12 than that accorded an individual employee. Such an interpretation allows the possibility an employee, who would be held to a three-year statute of limitations, may wait until after such a limitations period has passed, and still be able to bring his action through the Department, extending the time frame into infinity and raising a question as to the effectiveness or practical value of any limitations provision in section 12(a). If this is a problem, it is one of drafting, not of statutory interpretation. If the legislature intended such a limitations period to apply to both subsections, it could have provided a statute-of-limitations clause within section 12(b). It did not do so despite several opportunities, and it is not our role to redraft section 12. We draw our conclusion as to legislative intent by reference to the clear language of the statute (*Kozak v. Retirement Board of the Firemen's Annuity & Benefit Fund* (1983), 95 Ill. 2d 211, 219, 447 N.E.2d 394, 398), and any indication of a change in this intent will have to come from the legislature, not the courts.

As we hold the statute of limitations within section 12(a) does not apply to bar the Department's action under section 12(b), we need not

address the issue raised by the Department on governmental immunity to statutes of limitation.

The decision of the trial court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

STEIGMANN, J., concurs.

JUSTICE GREEN, dissenting:

I agree with the majority that the circuit court rendered judgment for the defendant based on the statute of limitations affirmative defense. I also agree we cannot give retroactive application to amendments of the legislation in question. I do not agree that the statute-of-limitations defense was inapplicable to the suit brought by the Department. Thus, I am in disagreement, not only with the majority, but also with the decision in *Schwartz*.

Section 12(b) of the Minimum Wage Law is not without some ambiguity. It speaks of the "Director" recovering sums "on behalf of an employee" from "legal action" necessary to do so. This can be interpreted as indicating that the Department brings such action as the employee has. (Ill. Rev. Stat. 1987, ch. 48, par. 1012(b).) Under such circumstances, the action would be subject to defenses which the employer would have against the employee indicating a time limitation. The decision in *Amigleo* gives support to the theory that the statute is ambiguous.

In construing statutes, courts presume that legislative bodies do not intend absurdity. (*Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 489 N.E.2d 1374; *People v. Steppan* (1985), 105 Ill. 2d 310, 473 N.E.2d 1300.) The majority's interpretation of section 12 of the Minimum Wage Law nullifies the protection defendant has from the limitation period set forth in section 12(a) by concluding that the limitation disappears if suit is then brought for the benefit of the employee by the Department. Such an interpretation makes no sense. No purpose has been suggested for shutting off suits by the employee after three years but permitting suits on behalf of the employee forever.

I find nothing in the legislative history which requires the interpretation placed on the legislation by the majority. The history is entirely consistent with a continued understanding that the three-year limitation period was applicable to actions on behalf of the employee if it was applicable to actions by the employee. In *County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 485

N.E.2d 1076, and *City of Shelbyville v. Shelbyville Restorium, Inc.* (1983), 96 Ill. 2d 457, 451 N.E.2d 874, the supreme court has set forth a rule that a statute of limitations will not bar governmental action involving "public rights" unless the statute clearly so provides. (*County of Du Page*, 109 Ill. 2d at 152, 485 N.E.2d at 1080; *City of Shelbyville*, 96 Ill. 2d at 461-62, 451 N.E.2d at 876-77.) The *Schwartz* court deems the action brought by the Department here is on behalf of public rights because of the public interest in seeing to proper administration of labor laws. I cannot agree. However much public policy may be enhanced by enabling individuals to obtain that to which they are justly entitled, I deem the right here being enforced to be a private right.

I would affirm the judgment of the circuit court of Logan County.