2019 IL App (1st) 171349-U

SIXTH DIVISION
NOVEMBER 8, 2019

No. 1-17-1349

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County, Illinois. |
| | ) | |
| v. | ) | No. 07 CR 0813201 |
| | ) | 08 CR 2056301 |
| | ) | |
| STEVEN CORDELL, | ) | Honorable |
| | ) | Mary Margaret Brosnahan, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the judgment of the court.
Justices Connors and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held:*  Circuit court's dismissal of defendant-appellant's section 2-1401 petition to vacate judgments of bond forfeiture affirmed where petition was untimely and judgments were not void.

¶ 2    Defendant-appellant Steven Cordell appeals from the dismissal of his petition to vacate two judgments of bond forfeiture pursuant to 735 ILCS 5/2-1401 (West 2008). On appeal, the defendant argues that the circuit court of Cook County erred in dismissing his petition where the judgments were void due to lack of notice.  For the reasons that follow, we affirm the judgment

of the circuit court of Cook County.

¶ 3                              BACKGROUND

¶ 4      In April 2007, the defendant was indicted in case number 07 CR 8132 (the 2007 case) for *inter alia,* continuing financial crimes enterprise, based on allegations that he used fraudulent misrepresentations to obtain checks issued by Chicago Public Schools to Atlantic Express, Inc., a transportation company providing bus services for the Chicago Public Schools.  The indictment alleged that the defendant, the manager for Atlantic Express, deposited these checks into his own account with the intent to deprive Atlantic Express of funds totaling over $2 million.  Bond was set at $150,000.  Third-party sources, which  the circuit court found to be legitimate, posted $15,000 in bond D-818346 on the defendant's behalf on March 15, 2007.  The bond slip, signed by the defendant, listed the defendant's address as 5811 S. California Avenue, Chicago, Illinois.

¶ 5      In October 2008, while the defendant was out on bond in the 2007 case, he was arrested and eventually indicted in case number 08 CR 20563 (the 2008 case).  He was charged with *inter alia*, continuing financial crimes enterprise, based on allegations that he used fraudulent misrepresentations to deposit checks from business accounts at National City Bank to accounts at Bank of America, knowing that no funds were available in the former account.  He then withdrew funds in excess of $220,000 from Bank of America before the bank could discover the lack of funds in the National City accounts.

¶ 6      At the bond hearing for the 2008 case, bond was set at $50,000.  During the hearing, the State filed a petition for violation of bail bond (VOBB) based on the fact that the defendant had violated his bond in the 2007 case by being charged with another crime.  Bond for the VOBB petition was set at $2,000,000 but reduced on appeal to $500,000.

¶ 7      On December 17, 2008, the circuit court held a hearing to determine the legitimacy of the

$55,000 needed to post bond on the 2008 case and the VOBB petition. Finding the third-party sources of the money legitimate, $5,000 was posted for the 2008 case under bond D-8388155 and $50,000 was posted on the VOBB case under bond D-8388156. On the bond slips, the defendant listed his address as 3808 W. 65th Place, Chicago, Illinois and signed both slips acknowledging that he understood and accepted the consequences of failing to appear.

¶ 8    Over six months later, on August 12, 2009, the defendant failed to appear in court on his three pending cases. The circuit court entered notices of bond forfeiture for all three bonds and a warrant was issued for the defendant's arrest. The notices of forfeiture for bonds D-8388155 and D-8388156, the bonds in the defendant's 2008 case and the VOBB petition, respectively, were mailed to the defendant, but the notice of forfeiture for the bond in his 2007 case was never mailed to him. The notices of forfeiture apprised the defendant that his bond was forfeited and that if he did not appear on or before September 14, 2009, judgment would be entered against him.

¶ 9    One month later, on September 14, 2009, with the defendant again failing to appear, the circuit court entered judgment against the defendant on the three bond forfeitures. Once again, the court mailed two memoranda of judgment to the defendant (regarding the bonds in his 2008 case and VOBB petition), but did not mail the defendant a memorandum of judgment on the bond forfeiture in the 2007 case. Indeed, the record does not include either a notice of bond forfeiture or a memorandum of judgment for bond D-8181346 in the 2007 case.

¶ 10    The defendant was eventually arrested over four years later, in April 2014. On August 26, 2015, the defendant pled guilty to theft by deception in the 2007 case and guilty to theft in the 2008 case. The defendant was sentenced to four years' imprisonment in the former case and two years' imprisonment in the latter, to be served consecutively.

¶ 11    On June 29, 2016, the defendant filed a section 2-1401 petition seeking to vacate two of the bond forfeiture judgments that were entered on September 14, 2009. Specifically, the defendant claimed that he did not receive notice of bond forfeiture for bond D-8181346, the bond attached to the 2007 case, nor did he receive notice that a judgment of forfeiture was entered on that bond. He also challenged the imposition of bond in the VOBB petition, arguing that violation of bond conditions is not a crime for which bail may be imposed.

¶ 12    The circuit court of Cook County denied the defendant's section 2-1401 petition on April 17, 2017 on the basis that it was untimely and that the lack of notice to the defendant did not render the forfeiture judgments void. The court denied the defendant's motion to reconsider on June 6, 2017, and the defendant appealed.

¶ 13                                            ANALYSIS

¶ 14    We note that we have jurisdiction to review this matter, as we allowed the defendant's late notice of appeal following the circuit court's order denying his motion to reconsider. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); Ill. S. Ct. R. 304 (eff. July 1, 2017).

¶ 15    A section 2-1401 petition is a vehicle whereby a petitioner can seek to vacate or modify a final order or judgment more than 30 days after its entry. *Paul v. Gerald Adelman & Associates, Ltd.*, 223 Ill. 2d 85, 94 (2006); see also 735 ILCS 5/2-1401(a) (West 2008). In order to obtain relief pursuant to section 2-1401, the petitioning party must establish (1) the existence of a meritorious defense; (2) due diligence in presenting the defense to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986). However, where a petitioner seeks to vacate a void judgment, he need not satisfy the meritorious defense or due diligence requirements. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 105 (2002). A judgment is void if it is entered by a court that lacked

personal or subject matter jurisdiction, or where the judgment was entered pursuant to a facially unconstitutional statute. *People v. Price*, 2016 IL 118613, ¶ 30. We review the dismissal of a section 2-1401 petition *de novo*. *Lamarca v. Che Ce Ce Corp.*, 2019 IL App (1st) 182718, ¶ 9.

¶ 16 Here, the defendant's section 2-1401 petition challenges two of the judgments of bond forfeiture. Turning first to bond D-818346, the bond posted for his 2007 case, the defendant maintains that he never received notice of the bond forfeiture prior to judgment being entered against him. Pursuant to section of 110-7(g) of the Code of Criminal Procedure, notice of an order of bond forfeiture "shall be mailed *** to the accused at his last known address." 725 ILCS 5/110-7(g) (West 2008). It is undisputed that no notice was mailed to the defendant for bond D-818346, and the defendant maintains that this lack of notice was a due process violation rendering the judgment of forfeiture void. Not so.

¶ 17 Assuming *arguendo* that the failure to notify the defendant of the notice of forfeiture for one of the three bonds issued against him violates due process, this is not a basis for finding the judgment of forfeiture void. See *People v. Hubbard*, 2012 IL App (2d) 101158, ¶ 23 (holding that involuntary guilty plea, though depriving defendant of due process, was not void). As addressed *supra* ¶ 15, our supreme court has identified only two categories of void judgments: (1) those that are entered by a court lacking personal or subject matter jurisdiction; and (2) those that are entered pursuant to a facially unconstitutional statute. The defendant in this case does not (and cannot) argue that the circuit court of Cook County lacked either personal jurisdiction over him or lacked jurisdiction to enter a judgment of bond forfeiture, and he does not argue the unconstitutionality of the statute under which his bond was forfeited. Accordingly, the judgment of forfeiture is not void. And because it is not void, the defendant is not exempt from complying

with the due diligence and meritorious defense provisions of section 2-1401, which he, admittedly, has failed to do.

¶ 18     The defendant's challenge to bond D-8388156, the bond imposed in the State's VOBB petition, fares no better.   Relying on *People v. Corbbins*, 186 Ill. App. 3d 588 (1989), the defendant argues that a violation of bail bond conditions is not a crime for which bail may be imposed.   In *Corbbins*, the defendant challenged the imposition of a bail bond on the State's petition for VOBB on direct appeal.  *Id.* at 589-90.  This court criticized the practice of imposing bond on a VOBB petition, describing it as "without foundation" and "inappropriate."  *Id.* at 591. However, this court did not ultimately decide the question of whether a trial court could set bond on a VOBB petition because it deemed the case moot.  *Id.*   Thus, this court's statements with regard to the propriety of setting bond on a VOBB petition are *dicta*.   The defendant cites no other authority – and we have found none – for the proposition that setting a bond on a VOBB petition is void *ab initio*.   Accordingly, the defendant is not excused from meeting the timeliness and meritorious defense requirements of a successful section 2-1401 petition.

¶ 19                                   CONCLUSION

¶ 20     For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 21     Affirmed.