THE PEOPLE *ex rel.* THE DEPARTMENT OF LABOR, Plaintiff-Appellant and Cross-Appellee, v. SOCCER ENTERPRISES, INC., *et al.*, Defendants-Appellees and Cross-Appellants.

First District (1st Division)　No. 1—97—4469

Opinion filed December 21, 1998.

482

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Royce A. White, Assistant Attorney General, of counsel), for appellant.

Pinderski & Pinderski, Ltd., of Palatine (Paul C. Pinderski and Jerome W. Pinderski, Jr., of counsel), for appellees.

JUSTICE O'BRIEN delivered the opinion of the court:

In April 1994, plaintiff, the Illinois Department of Labor (hereinafter Department), investigated defendants, Soccer Enterprises and Peter Richardson, regarding alleged violations of child labor laws. During the course of the investigation, the Department determined that from April 1992 through April 1994 defendants failed to pay overtime wages to 22 employees as required by the Minimum Wage Law (820 ILCS 105/12 *et seq.* (West 1992) (hereinafter the Act)). On August 19, 1997, the Department filed a complaint against defendants to recover the amount of the unpaid overtime wages, plus punitive damages and costs. Defendants filed a combined motion to dismiss under section 2—619.1 of the Code of Civil Procedure (735 ILCS 5/2—619.1 (West 1994)), alleging in pertinent part that the Department's cause of ac-

tion was barred by the three-year statute of limitations set forth in section 12(a) of the Act (820 ILCS 105/12(a) (West 1994)). Defendants also sought the imposition of sanctions against the Department, including attorney fees and costs. The trial court determined that the Department's cause of action was barred by the statute of limitations set forth in section 12(a) of the Act and dismissed the complaint. The trial court denied defendants' motion for sanctions. The Department appeals the trial court's order dismissing its complaint. Defendants cross-appeal the trial court's order denying them attorney fees and costs as sanctions. We reverse the trial court's order dismissing the Department's complaint, affirm in part and reverse in part the trial court's order denying defendants' motion for sanctions, and remand for further proceedings.

The first issue is whether the trial court erred in applying the three-year limitations period set forth in section 12(a) of the Act to the Department's *cause of action*, which was brought under section 12(b).

■ The resolution of this issue requires us to construe section 12 of the Act. Because the construction of a statute is a matter of law, we need not defer to the trial court's construction of the Act. *Peoples Gas Light & Coke Co. v. Illinois Commerce Comm'n*, 286 Ill. App. 3d 21, 23 (1996); *Monahan v. Village of Hinsdale*, 210 Ill. App. 3d 985, 993 (1991).

■ The primary rule of statutory construction is to ascertain and give effect to the true intent of the legislature. *Peoples Gas*, 286 Ill. App. 3d at 23. In determining legislative intent, the court first considers the statutory language (*Peoples Gas*, 286 Ill. App. 3d at 23), which is given its plain and ordinary meaning. *Advincula v. United Blood Services*, 176 Ill. 2d 1, 17 (1996). The court should evaluate the statute as a whole and, if possible, construe it so that no term is rendered superfluous or meaningless. *Texaco-Cities Service Pipeline Co. v. Mc-Gaw*, 182 Ill. 2d 262, 270 (1998). Where the statutory language is clear, it will be given effect without resort to other aids for construction. *Peoples Gas*, 286 Ill. App. 3d at 23.

■ Accordingly, we begin our analysis by examining the relevant language of section 12:

"(a) If any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and any agreement between him and his employer to work for less than such wage is no defense to such action. At the request of the employee or on motion of the

Director of Labor, the Department of Labor may make an assignment of such wage claim in trust for the assigning employee and may bring any legal action necessary to collect such claim, and the employer shall be required to pay the costs incurred in collecting such claim. Every such action shall be brought within 3 years from the date of the underpayment. \*\*\*

(b) The Director is authorized to supervise the payment of the unpaid minimum wages and the unpaid overtime compensation owing to any employee or employees under Sections 4 and 4a of this Act and may bring any legal action necessary to recover the amount of the unpaid minimum wages and unpaid overtime compensation and an equal additional amount as punitive damages, and the employer shall be required to pay the costs." 820 ILCS 105/12 (West 1994).

■ The clear and unambiguous language of section 12(a) authorizes actions brought by employees on their own behalf and actions employees have assigned to the Department. Section 12(a) then imposes a three-year limitations period on "[e]very such action." 820 ILCS 105/12(a) (West 1994). Under its plain and ordinary meaning, "[e]very such action" must refer to the actions earlier mentioned in section 12(a). Thus, section 12(a)'s three-year limitations period applies only to employees' private causes of actions and to actions employees have assigned to the Department.

The clear and unambiguous language of section 12(b) authorizes the Department to "bring *any* legal action necessary to recover the amount of the unpaid minimum wages." (Emphasis added.) 820 ILCS 105/12(b) (West 1994). The appellate court has construed this language as authorization for the Department to bring an independent action in the absence of an assignment by the employee. See *People ex rel. Martin v. Schwartz Oil Field Services, Inc.*, 203 Ill. App. 3d 903 (1990); *People ex rel. Martin v. Smith*, 205 Ill. App. 3d 553 (1990). No period of limitation is prescribed in section 12(b).

■ In the present case, the Department waited more than three years after the date of underpayment before bringing its action against defendants pursuant to section 12(b). The trial court applied the three-year limitations period set forth in section 12(a) and dismissed the complaint. This was error. As discussed above, section 12(a)'s limitations period applies only to actions brought under that section; section 12(a)'s limitations period does not apply to actions brought by the Department under section 12(b). Accordingly, we reverse the trial court's dismissal order and remand for further proceedings.

*Amigleo v. Bernardi*, 175 Ill. App. 3d 449 (1988), cited by defendants in support of their argument that the three-year statute of

limitations applies to both sections 12(a) and 12(b), is factually inapposite. In *Amigleo*, plaintiffs Amigleo and Yanong were two employees who filed claims with the Department to recover unpaid overtime compensation from their employer. *Amigleo*, 175 Ill. App. 3d at 451. After an investigation, the Department found that the employer owed Amigleo $9,514.36 and Yanong $3,347.50. *Amigleo*, 175 Ill. App. 3d at 452. Those amounts were for unpaid overtime compensation for the two-year period prior to the date of the filing of their claims with the Department. Although plaintiffs had claimed unpaid wages for a period of more than two years, departmental policy at the time prohibited investigation of claims that were more than two years old. *Amigleo*, 175 Ill. App. 3d at 452.

Plaintiffs brought a *mandamus* action to compel the Department to prosecute their wage claims and for injunctive relief to stop the Department from limiting their unpaid wage collections to a two-year period. *Amigleo*, 175 Ill. App. 3d at 452. The Department argued in response that an investigation of a claim takes about one year, after which any claim that was more than two years old would be beyond section 12(a)'s three-year statute of limitations. *Amigleo*, 175 Ill. App. 3d at 457. The Department based its two-year policy on its interpretation that the three-year limitations period set forth in section 12(a) applied to actions brought by the Department under section 12(b). *Amigleo*, 175 Ill. App. 3d at 457.

The appellate court found for the Department, holding that the Department's two-year policy was not unreasonable. *Amigleo*, 175 Ill. App. 3d at 458. In reaching its decision, the court reasoned that a "logical interpretation of section 12 would be to apply the three-year limitations period to 12(b) as well as 12(a)." *Amigleo*, 175 Ill. App. 3d at 457.

The court's interpretation of section 12 was based in part on the "great deference [accorded to the Department] in its policy regarding its enforcement of claims under section 12." *Amigleo*, 175 Ill. App. 3d at 458. However, the Department has since changed its interpretation of section 12 and abandoned the two-year policy deferred to by the *Amigleo* court. Therefore, *Amigleo* has limited, if any, precedential value in the present case. See also *People ex rel. Martin v. Smith*, 205 Ill. App. 3d at 558 (determining that *Amigleo*'s interpretation of section 12 was *dicta*).

Defendants assert that the Department should be bound by its prior interpretation of section 12, under which the limitations period of section 12(a) applies to section 12(b). We disagree. "[A]n agency is not required to adhere to a certain policy or practice forever *** . The standard is one of rationality." *Greer v. Illinois Housing Development*

*Authority*, 122 Ill. 2d 462, 506 (1988). The Department's current interpretation of section 12, under which the limitations period of section 12(a) does not apply to section 12(b), is rational and therefore permissible. See our discussion above.

■ Next, defendants cross-appeal the trial court's order denying them sanctions under Supreme Court Rule 137. Rule 137 provides in relevant part:

> "The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." 155 Ill. 2d R. 137.

■ Defendants contend that the Department's complaint was unwarranted under the law or the facts of the case and deserving of sanctions. Specifically, defendants contend that the Department filed the complaint after the three-year limitations period set forth in section 12(a) of the Act and without any assignment of claims by the employees involved. As discussed above, though, section 12(b) authorizes the Department to file an action in the absence of assignment by the employees; further, section 12(a)'s limitations period does not apply to an action filed pursuant to section 12(b). Accordingly, we affirm the trial court's denial of defendants' motion for sanctions premised on the Department's alleged violation of section 12 of the Act. Defendants also argue for sanctions premised on (1) the alleged lack of substantive merit to the Department's complaint and (2) various "harassing" actions taken by the Department pursuant to the complaint. Since we are reversing the trial court's dismissal order and remanding for a determination on the merits of the Department's complaint, any decision on a motion for sanctions premised on the alleged meritless nature of said complaint is premature. Accordingly, we reverse that portion of the trial court's order denying defendants' motion for sanctions based on the complaint's alleged lack of merit and the Department's "harassing" actions taken pursuant thereto. We remand the matter for a new hearing after the trial court has made a decision on the substantive merits of the complaint.

Dismissal order reversed; sanctions order affirmed in part and reversed in part; cause remanded.

GALLAGHER and O'MARA FROSSARD, JJ., concur.