THIRD DIVISION

 FEBRUARY 21, 2001

1-00-0226

THE PEOPLE 
ex
 
rel.
   ) Appeal from the

THE DEPARTMENT OF LABOR, ) Circuit Court of

     ) Cook County

) 

Plaintiff-Appellant, ) 

)

v. )

)

K. REINKE, JR. AND COMPANY/REINKE )  

INSULATION and KARL REINKE, )

JR., Indiv. and in His Capacity )  

as Company President, )  Honorable Richard

)  A. Siebel, Judge

Defendants-Appellees. )  Presiding.

JUSTICE CERDA delivered the opinion of the court:

Plaintiff, the People of the State of Illinois 
ex
 
rel.
 the Illinois Department of Labor, appeals from the dismissal of its complaint seeking overtime compensation on behalf of 27 employees of defendant
 K. Reinke, Jr. & Company/Reinke Insulation.  Also sued was 
defendant
 Karl Reinke, Jr., individually and in his capacity as company president.  The issue on appeal is whether the legislature intended any limitations period to apply to actions that are brought by the State on behalf of employees pursuant to section 12(b) of the Minimum Wage Law (820 ILCS 105/12(b) (West 1998)).  We find that no statute of limitations applies to 
plaintiff's complaint, and we 
reverse and remand.

FACTS

On April 10, 1998, 
plaintiff,
 the People of the State of Illinois, filed a complaint against 
defendants, 
alleging that 
defendants failed to comply with the provisions of the Minimum Wage Law by not paying 27 employees time and a half for hours worked after 40 hours per week.  
The total amount of compensation allegedly due was about $29,000.  The relevant time period was July 1, 1990, through June 22, 1993.  

Defendants
 filed a second motion to dismiss the complaint in which they argued that the applicable statute of limitations was five years under section 13-205 of the Code of Civil Procedure (735 ILCS 5/13-205 (West 1998)).  

On June 23, 1999, the trial court entered a memorandum order  finding that 
section 12(b) actions were subject to section 13-205.  Therefore the only claims that could be pursued were those dating from the period of April 10, 1993, through June 22, 1993.  

On December 16, 1999, the remaining claims that were timely filed were dismissed pursuant to settlement.  

On January 14, 2000, 
plaintiff
 filed a notice of appeal from 

the June 23, 1999, and December 16, 1999, orders.  
Plaintiff
 in its brief appears to only contest the former order; 
plaintiff
 does not argue that the trial court erred in entering the latter order.

 ANALYSIS 

Plaintiff argues that 
its direct actions under section 12(b) of the Minimum Wage Law for wage underpayments are not governed by any statute of limitations.  

While section 12(a) of the Minimum Wage Law contains a three-year statute of limitations, there is none in section 12(b): 

"(a) If any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and any agreement between him and his employer to work for less than such wage is no defense to such action.  At the request of the employee or on motion of the Director of Labor, the Department of Labor may make an assignment of such wage claim in trust for the assigning employee and may bring any legal action necessary to collect such claim, and the employer shall be required to pay the costs incurred in collecting such claim.  Every such action shall be brought within 3 years from the date of the underpayment.  Such employer shall be liable to the Department of Labor for 20% of the total employer's underpayment and shall be additionally liable to the employee for punitive damages in the amount of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. ***

(b) The Director is authorized to supervise the payment of the unpaid minimum wages and the unpaid overtime compensation owing to any employee or employees under Sections 4 and 4a of this Act and may bring any legal action necessary to recover the amount of the unpaid minimum wages and unpaid overtime compensation and an equal additional amount as punitive damages, and the employer shall be required to pay the costs.  Any sums thus recovered by the Director on behalf of an employee pursuant to this subsection shall be paid to the employee or employees affected.  Any sums which, more than one year after being thus recovered, the Director is unable to pay to an employee shall be deposited into the General Revenue Fund."  820 ILCS 105/12 (West 1998).

Three districts of the appellate court have found that the three-year statute of limitations in section 12(a) does not apply to the action that the Department of Labor can bring under section 12(b).  
People ex rel. Department of Labor v. Soccer Enterprises, Inc.
, 302 Ill. App. 3d 481, 484, 707 N.E.2d 108 (1st Dist. 1998)
; 
People ex rel. Martin v. Smith
, 205 Ill. App. 3d 553, 557, 563 N.E.2d 1170 (4th Dist. 1990);
 
People ex rel. Martin v. Schwartz Oil Field Services, Inc.
, 203 Ill. App. 3d 903, 906, 561 N.E.2d 201 (5th Dist. 1990).

In contrast, an earlier First District case, 
Amigleo v. Bernardi
, 175 Ill. App. 3d 449, 458, 529 N.E.2d 1020 (1988), held that a logical interpretation of section 12 would be to apply the three-year statute of limitations of section 12(a) to section 12(b).  
Amigleo
 was a 
mandamus
 action to compel the Department of Labor to prosecute plaintiffs’ wage claims in which 
plaintiffs 
sought an injunction against the Department's policy to limit its wage collections to claims that were not more than two years old.  
Amigleo
 held that the trial court properly refused to issue a writ of 
mandamus
 because the Department's powers were only discretionary and because there was no injustice to plaintiffs as they failed to institute their own timely suit under section 12(a).  
Amigleo
, 175 
Ill. App. 3d
 at 456.  The court's statement concerning the applicability of the statute of limitations to section 12(b) was in the context of a discussion of plaintiffs' further argument that the Department's two-year policy was unreasonable.  

Soccer
, 302 
Ill. App. 3d
 at 485, a First District case, found that if 
Amigleo
 had any precedential value, it was limited because the Department of Labor had since abandoned its policy of instituting unpaid wage collections to a two-year period.  
Soccer
, 302 
Ill. App. 3d
 at 485, citing with approval 
Smith
, 205 
Ill. App. 3d
 at 558 (which found that 
Amigleo
's interpretation of section 12 was 
dicta)
.  Whether or not we agree with either of these two reasons for not following 
Amigleo
 on the issue of the statute of limitations, we believe that 
Soccer
 has effectively overruled 
Amigleo
 on this issue.  

The Illinois Code of Civil Procedure in section 13-205 provides as follows:

"Except as provided in Section 2-725 of the 'Uniform Commercial Code' *** and Section 11-13 of 'The Illinois Public Aid Code', *** actions on unwritten contracts *** and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued."  735 ILCS 5/13-205 (West 1998).

As the three-year statute of limitations of section 12(a) does not apply to section 12(b), the issue is whether the legislature by its omission of a limitations period meant to adopt the catchall five-year statute of limitations for “all civil actions not otherwise provided for” contained in section 13-205 or whether it meant that no statute of limitations was applicable.  The cases finding that no statute of limitations applied to section 12(b) do not address the issue whether section 13-205 applied.  
Soccer
, 302 Ill. App. 3d 481; 
Smith
, 205 Ill. App. 3d 553; 
Schwartz
, 203 Ill. App. 3d 903.

Our standard of review of a dismissal pursuant to section 2-619 is 
de
 
novo
 because this issue concerns statutory interpretation.  
First Bank & Trust Co. v. King
, 311 
Ill. App. 3d
 1053, 1059, 726 N.E.2d 621 (2000).

The overriding objective in interpreting a statute is to ascertain and give effect to the intent of the legislature.   
Roser v. Anderson
, 222 Ill. App. 3d 1071, 1075, 584 N.E.2d 865 (1991).  To ascertain the legislature's intent, we first look to the plain language of the statute.  
Advincula v. United Blood Services
, 176 Ill. 2d 1, 17, 678 N.E.2d 1009 (1996); 
Burnett v. Safeco Insurance Co.
, 227 Ill. App. 3d 167, 173, 590 N.E.2d 1032 (1992).  In addition to the language chosen by the legislature, the court should consider the reason for the law, the evil to be remedied, and the purpose to be obtained thereby.  
Roser
, 222 Ill. App. 3d at 1075.  

The omission of an explicit provision on the inapplicability of the statute of limitations to section 12(b) actions could be based on either one of two assumptions by the legislature: (1) that the omission of a statute of limitations in a statute establishing a cause of action makes section 13-205 operative; or (2) that no statute of limitations is applicable to actions brought by the government to assert a right belonging to the general public.

Some support for the position that the legislature was acting on the second assumption is found in a reference in another statute to the general inapplicability of
 
statutes of limitation to the State.
  Section 13-121 of the Code of Civil Procedure states in part that “the rule that the State of Illinois is not bound by acts of limitations shall not apply" to the limitation on claims to real estate.
  
735 ILCS 5/13-121 (West 1998).  The legislature's explicit reference to this "rule" indicates that it believed that a section 12(b) action would be immune from statutes of limitation and that the statute of limitations in section 13-205 would not therefore apply by default.

We recognize that there is no rule that the State is never bound by statutes of limitations.  Under 
City of Shelbyville v. Shelbyville Restorium, Inc.
, 96 Ill. 2d 457, 462, 451 N.E.2d 874 (1983), the determination whether a government’s action is immune from a statute of limitations depends on whether the right sought to be asserted is a right belonging to the “general public” rather than to the government or to “some small and distinct subsection of the public at large.”
 

Further support for concluding that no statute of limitations was intended is found in the fact that a case that was decided several years ago found that governmental immunity precluded application of a statute of limitations to the Department of Labor’s action on behalf of former employees to recover unpaid vacation leave benefits and statutory penalties.  In 
People ex rel. Martin v. Lipkowitz
, 225 Ill. App. 3d 980, 985, 589 N.E.2d 1892 (1992), the 
action was brought pursuant to the Illinois Wage Payment and Collection Act (Ill. Rev. Stat. 1987, ch. 48, par. 39m-11), under which 
the Department of Labor had the power to take assignments of wage claims and to prosecute actions for the collection of wages for persons financially unable to prosecute such claims.  The court found that the Director’s action belonged to the public because the public had an interest in enforcing the Illinois Wage Payment and Collection Act.  
Lipkowitz
, 225 
Ill. App. 3d
 at 985.

Although 
plaintiff argues that 
Lipkowitz
 did not involve an action in the Department of Labor’s “own right,” the purpose of the Department's action in 
Lipkowitz
 on behalf of aggrieved employees was to enforce public policy.  
Lipkowitz
 analogized to the Minimum Wage Law:  
“Enforcing the public policy underlying the [Illinois Wage Payment and Collection Act] inures to the benefit of Illinois workers and taxpayers in precisely the way that the [Minimum Wage Law] does.”  
Lipkowitz
, 225 Ill. App. 3d at 985.  
Lipkowitz
's holding that there was immunity from statutes of limitation would indicate to the legislature that similarly no statute of limitations would apply to section 12(b) actions.    

We believe a section 12(b) action asserts a right belonging to the general public.  Section 2 of the Minimum Wage Law states that the legislature was concerned about the existence of "conditions detrimental to the maintenance of the minimum standard of living necessary for the health, efficiency and general well-being of workers."  820 ILCS 105/2 (West 1998).  Section 2 further stated that those conditions imposed upon taxpayers the "unnecessary burden" to assist workers.  820 ILCS 105/2 (West 1998).  The legislature likely believed that an action by a State agency to enforce compliance with a wage law involved a public right and was immune from statutes of limitation.  
  

A review of the history of the amendment of section 12 of the Minimum Wage Law is an indication that the legislature did not intend to have a statute of limitations for direct actions by the Director.  In 1971 the legislature enacted the law for actions by or on behalf of the employee.  Ill. Rev. Stat. 1971, ch. 48, par. 1012.  The law did not give the Director the right to bring an action in his own right.  There were no limitations provisions.

In 1984 the legislature amended the section to include a time limitation period for employees for their own actions.  Ill. Rev. Stat. 1983, ch. 48, par. 1012(a). 
 For the first time the Director was given the power to file an action in his own right and without any time limitations.  Ill. Rev. Stat. 1983, ch. 48, par. 1012(c).

In 1986 the legislature amended the section to again contain two subsections.  Ill. Rev. Stat. 1987, ch. 48, par. 1012.  The Director no longer had a right of assignment from an employee to enforce a private right.  The employee's private right of action was subject to a three-year statute of limitations.  Ill. Rev. Stat. 1987, ch. 48, par. 1012(a).  Actions by the Director in his own right contained no limitations provision.  Ill. Rev. Stat. 1987, ch. 48, par. 1012(b).

The section was amended in 1990 to grant the Director the right to accept an assignment by an employee and to file an action on behalf of the employee.  Ill. Rev. Stat. 1991, ch. 48, par. 1012(a).  Every action under subsection (a) was subject to a three-year statute of limitations.  Ill. Rev. Stat. 1991, ch. 48, par. 1012(a).  Under subsection (b) the Director could bring an action in his own right again without time limitation.  Ill. Rev. Stat. 1991, ch. 48, par. 1012(b).  This is the version of the section which is applicable to this case.  

As can be seen, the history of this section is a strong indication that our legislature never intended to provide for a statute of limitations for lawsuits filed by the Director under subsection (b).  The legislature however has provided for a statute of limitations for actions filed under subsection (a).

We further note that the legislature did not amend section 12(b) after cases were decided that held that no statute of limitations applied. 
 See 
Fink v. Ryan
, 174 
Ill. 2d
 302, 308, 673 
N.E.2d
 281 (1996) 
(the legislature is presumed to act with knowledge of the prevailing case law in enacting amendment).
  The legislature can amend a statute if it intended a different construction than a court decision has given the statute.  
In re May 1991 Will County Grand Jury
, 152 
Ill. 2d
 381, 387-88, 604 
N.E.2d
 929 (1992). 

Defendants
 argue that no statute of limitations in section 12(b) is inconsistent with section 8's requirement that employers keep pay records for employees for a minimum of three years (820 ILCS 105/8 (West 1998)).  However, 
a five-year statute of limitations, which 
defendants
 urge applies, is also inconsistent with the three-year minimum record-keeping time period.  In light of the legislature's silence in face of cases finding that no statute of limitations was intended, we are not persuaded that section 8 indicates the applicability of section 13-205.  

We have considered the remainder of 
defendants
' arguments on the statute of limitations issue and find them unpersuasive.

The June 23, 1999, judgment is 
reversed, and the cause is remanded.

Reversed in part and remanded.

HALL, P.J., and WOLFSON, J., concur.