THE PEOPLE *ex rel.* THE DEPARTMENT OF LABOR, Plaintiff-Appellant,
v. TRI STATE TOURS, INC., *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—01—1846

Opinion filed August 14, 2003.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Timothy K. McPike, Assistant Attorney General, of counsel), for appellant.

Joette S. Doran & Associates, P.C., of Hoffman Estates (Joette S. Doran, of counsel), for appellees.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff, the People of the State of Illinois, *ex rel.* Illinois Department of Labor (the Department), appeals from the dismissal with prejudice of its complaint seeking accrued vacation pay on behalf of a former employee of defendants, Tri State Tours, Inc., an Illinois corporation, and J. Michael Hillard, a/k/a Mike Hillard, individually and in his official capacity (collectively Tri State Tours). The complaint, brought pursuant to the Illinois Wage Payment and Collection Act (the Act) (820 ILCS 115/1 *et seq.* (West 2000)), was dismissed as time barred, from which the Department appeals.

Pursuant to section 11(a) of the Act (820 ILCS 115/11(a) (West 2000)), the Department investigated a complaint brought by Barbara Elliot that her former employer, Tri State Tours, had failed to pay her

for 12.5 days of accrued vacation time. On January 5, 1998, the Department issued a wage payment demand requiring Tri State Tours to pay Elliot $1,632.05. On January 9, 1998, Tri State Tours filed an exception to the wage payment demand.

On August 1, 2000, the Department filed a complaint against Tri State Tours, seeking accrued vacation pay pursuant to section 5 of the Act (820 ILCS 115/5 (West 2000)) (section 5) on behalf of Elliot and statutory penalties pursuant to section 14(b) of the Act (820 ILCS 115/14(b) (West 2000)). Tri State Tours moved to dismiss the complaint pursuant to section 2—619.1 of the Illinois Code of Civil Procedure (the Code) (735 ILCS 5/2—619.1 (West 2000)), arguing *inter alia* that the action was time barred under the two-year statute of limitations set forth in section 13—202 of the Code (735 ILCS 5/13—202 (West 2000)) (section 13—202).[1] Tri State Tours argued that it had paid Elliot all outstanding vacation pay. On November 11, 2000, the circuit court dismissed the complaint without prejudice and allowed plaintiff to file an amended complaint.

On November 14, 2000, plaintiff filed an amended complaint alleging that the action was brought pursuant to section 11(c) of the Act (820 ILCS 115/11(c) (West 2000)). As earlier noted, Tri State Tours successfully moved to dismiss the amended complaint with prejudice pursuant to section 2—619(5) of the Code (735 ILCS 5/2—619(5) (West 2000)) (section 2—619), as time barred under section 13—202. The Department appeals from that dismissal.

■ Section 2—619 dismissals are reviewed *de novo*. *City of Chicago ex rel. Scachitti v. Prudential Securities, Inc.*, 332 Ill. App. 3d 353, 772 N.E.2d 906 (2002).

I

The Department contends that the circuit court erred in finding the action time barred, arguing that it is immune from any statute of limitations when it brings an action seeking to enforce section 5 because such an action seeks to enforce a public right and therefore the doctrine of governmental immunity from statutes of limitations applies. Tri State Tours responds that the doctrine does not apply because the Department seeks to enforce a private right.

■ A statute of limitations will not apply to bar a claim by a governmental entity acting in a public capacity, under the doctrine of governmental immunity. Where the entity is acting in a private capac-

---

[1]Tri State Tours also sought to dismiss the complaint pursuant to section 2—615 of the Code (735 ILCS 5/2—615 (West 2000)), for failure to state a cause of action. This part of the motion was stricken because it was filed without prior leave of the court and is not at issue in this appeal.

ity, however, its claim may be subject to a limitations defense. *Board of Education of City of Chicago v. A, C & S, Inc.*, 131 Ill. 2d 428, 546 N.E.2d 580 (1989) (*Board of Education*); *City of Shelbyville v. Shelbyville Restorium, Inc.*, 96 Ill. 2d 457, 451 N.E.2d 874 (1983) (*Shelbyville*). The doctrine is supported by the policy judgment that the public should not suffer as a result of the negligence of its officers and agents in failing promptly to assert causes of action which belong to the public. *Board of Education*, 131 Ill. 2d at 472; *Shelbyville*, 96 Ill. 2d at 461. The test is whether the right the governmental unit seeks to assert "is in fact a right belonging to the general public, or whether it belongs only to the government or to some small and distinct subsection of the public at large." *Shelbyville*, 96 Ill. 2d at 462. Courts should consider who would benefit by the government's action and who would lose by its inaction. *Shelbyville*, 96 Ill. 2d at 462. Three factors must be addressed when determining whether a governmental entity is asserting a public or private right: (1) the effect of the interest on the public; (2) the obligation of the governmental entity to act on behalf of the public; and (3) the extent to which public funds must be expended. *Board of Education*, 131 Ill. 2d at 476; *Shelbyville*, 96 Ill. 2d at 464-65.

In support of its argument that it is seeking to enforce a public right, the Department relies on the Third District's decision in *People ex rel. Martin v. Lipkowitz*, 225 Ill. App. 3d 980, 589 N.E.2d 182 (1992) (*Lipkowitz*). In *Lipkowitz* the Department brought an action on behalf of five former employees of a company to recover unpaid vacation leave benefits and statutory penalties under the Act. Defendants successfully moved to dismiss the complaint for failure to bring suit within the five-year statute of limitations contemplated by section 13—205 of the Code (735 ILCS 5/13—205 (West 2000)) (section 13—205). The circuit court found that the complaint was based on a private, rather than a public, cause of action.

The Third District reversed, finding that "the public has a clear and definite interest in enforcing the [Act], and that the 'right' the Director seeks to vindicate in an action brought on behalf of aggrieved employees belongs to the public" and therefore "suits brought by the Director under the [Act] are immune from statutory limitation periods of the Civil Practice Act." *Lipkowitz*, 225 Ill. App. 3d at 985. The Third District noted that the primary purpose of the Act " 'is to ensure employees receive all earned benefits upon leaving their employer and the evil it seeks to remedy is the forfeiture of any of those benefits.' " *Lipkowitz*, 225 Ill. App. 3d at 985, quoting *Mueller Co. v. Department of Labor*, 187 Ill. App. 3d 519, 524, 543 N.E.2d 518, 521 (1989). Enforcing the public policy underlying the Act inures to the benefit of Illinois workers and taxpayers. An employer's denial of earned benefits

burdens the State financially and socially by decreasing the tax base and potentially depleting State assistance funds. Finally, the court noted "that by authorizing the Director to prosecute civil actions for unpaid benefits and penalties *** and to expend State resources to enforce the Act the legislature thereby expressed its intent to benefit the public generally." *Lipkowitz*, 225 Ill. App. 3d at 985.

Tri State Tours responds that this case is governed by *People ex rel. Hartigan v. Agri-Chain Products, Inc.*, 224 Ill. App. 3d 298, 586 N.E.2d 535 (1991) (*Agri-Chain*), where the First District held that an action brought by the State to recover vacation pay for employees of a dissolved corporation under the Act was a private cause of action subject to the two-year statute of limitations provided for in section 13—202. In *Agri-Chain*, the State filed a complaint seeking vacation pay as well as statutory penalties pursuant to section 14(b) of the Act. Defendants successfully moved to dismiss the complaint as time barred. On appeal the State argued that its complaint was not time barred because the action was brought in the name of the State and involved a public right which provided it immunity from any statute of limitations.

In determining whether the claim was public or private, the appellate court analyzed the case in light of the factors enumerated in *Board of Education* and *Shelbyville*. As to the first factor, the court concluded that the interest asserted, *i.e.*, recoupment of accrued vacation pay, was not one affecting the general public, but was an interest arising from a private employment contract. Only the interest of the 16 former employees would be affected directly by the outcome of the claim. The court further noted that the 16 former employees could have brought an action against defendant even if the Department or the State had opted not to act on the employees' behalf.

With regard to the second factor the court found that there was no duty on the part of the Department to act. The court relied on *Stafford v. Bowling*, 85 Ill. App. 3d 978, 407 N.E.2d 771 (1980) (*Stafford*), where the court considered whether the powers granted the Department under the Act were discretionary or mandatory. The *Stafford* court concluded that while the Act provided several different ways that the Department could assist employees in the collection of their wages, it granted the Department discretion to choose which, if any, of the ways it would use in any particular case. *Stafford*, 85 Ill. App. 3d at 979. The *Stafford* court concluded that the Act authorizes governmental assistance to employees in the collection of their wages, but "does not require intervention of any particular manner in any particular case." *Stafford*, 85 Ill. App. 3d at 982. Regarding the third factor, the *Agri-Chain* court rejected "plaintiffs' strained efforts to

argue that the State treasury will be burdened by the loss of taxes on the unpaid vacation pay of 16 employees." *Agri-Chain,* 224 Ill. App. 3d at 303.

The Department argues that *Agri-Chain* has been overruled implicitly by the First District's subsequent decision in *People ex rel. Department of Labor v. K. Reinke, Jr. & Co./Reinke Insulation,* 319 Ill. App. 3d 721, 746 N.E.2d 12 (2001) (*Reinke*). According to the Department, the *Reinke* court's citation of *Lipkowitz* implicitly overruled *Agri-Chain.*

*Reinke* dealt with actions brought under section 12(b) of the Minimum Wage Law (820 ILCS 105/12(b) (West 2000)) (section 12(b)). The language of the Minimum Wage Law is different from that of the Act. Unlike the Act, section 12(a) of the Minimum Wage Law (820 ILCS 105/12(a) (West 2000)), specifically sets forth a three-year statute of limitations for private actions, while section 12(b) is silent as to any statute of limitations for governmental actions. In *Reinke,* the court held that an action brought by the State on behalf of employees pursuant to section 12(b) asserts a public right and therefore is immune from any statute of limitations. In reaching this determination, the court conducted a thorough examination of the legislative history of section 12(b), noting that "the history of this section is a strong indication that our legislature never intended to provide for a statute of limitations for lawsuits filed by the Director under subsection (b)." *Reinke,* 319 Ill. App. 3d at 728.

The *Reinke* court further found it significant that the legislature did not amend section 12(b) after cases were decided that held that no statute of limitations applied. See *People ex rel. Department of Labor v. Soccer Enterprises, Inc.,* 302 Ill. App. 3d 481, 707 N.E.2d 108 (1998) (three-year statute of limitations in section 12(a) does not apply to actions Department brings under section 12(b)); *People ex rel. Martin v. Smith,* 205 Ill. App. 3d 553, 563 N.E.2d 1170 (1990) (same); *People ex rel. Martin v. Schwartz Oil Field Services, Inc.,* 203 Ill. App. 3d 903, 561 N.E.2d 201 (1990) (same). The legislature is presumed to know how courts have interpreted a statute and may amend the statute if it intended a different construction. *In re May 1991·Will County Grand Jury,* 152 Ill. 2d 381, 604 N.E.2d 929 (1992). The *Reinke* court neither cited nor discussed *Agri-Chain* and considered the holding of *Lipkowitz* because *Lipkowitz* had analogized to the Minimum Wage Law. *Reinke* did not overrule *Agri-Chain* either explicitly or implicitly.

■ Finding *Agri-Chain* to be the better reasoned opinion, we reject the Department's suggestion that *Lipkowitz* be followed and find that actions brought by the Department to enforce provisions of the Act involve private rights and therefore are not immune from the applicable statute of limitations.

## II

The Department further argues that even if the doctrine of governmental immunity from statutes of limitations does not apply, this action is not time barred. According to the Department, the five-year limitations period provided for in section 13—205 applies to this case, rather than the two-year limitations period contemplated by section 13—202.

■ Tri State Tours erroneously contends that the Department has waived this argument by failing to raise it in the circuit court. The record reveals that, both in a footnote in its surreply and in oral argument before the court, the Department discussed the application of the five-year statute of limitations to private actions under the Act.

■ Section 13—202 provides in pertinent part that "[a]ctions for damages for an injury to the person, *** or for a statutory penalty, *** shall be commenced within 2 years next after the cause of action accrued." 735 ILCS 5/13—202 (West 2000). Section 13—205 provides in pertinent part that "actions on unwritten contracts, expressed or implied, *** and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." 735 ILCS 5/13—205 (West 2000).

■ The determination of the applicable statute of limitations is governed by the type of injury at issue, irrespective of the pleader's designation of the nature of the action. *Armstrong v. Guigler*, 174 Ill. 2d 281, 673 N.E.2d 290 (1996). "[I]t is the nature of the plaintiff's injury rather than the nature of the facts from which the claim arises which should determine what limitations period should apply." *Mitchell v. White Motor Co.*, 58 Ill. 2d 159, 162, 317 N.E.2d 505 (1974) (*Mitchell*). The two-year limitations period in section 13—202 applies where plaintiff has suffered direct physical or mental injury. *Mitchell*, 58 Ill. 2d at 162-63; *Doerr v. Villate*, 74 Ill. App. 2d 332, 220 N.E.2d 767 (1966). In the present case, the Department has alleged no direct physical or mental injury, and therefore section 13—202 is inapplicable.

■ Because the Act does not provide for a statute of limitations, the five-year "catch-all" limitations period found in section 13—205 is applicable to actions brought under the Act. See *Seaman v. Thompson Electronics Co.*, 325 Ill. App. 3d 560, 758 N.E.2d 454 (2001). In the case *sub judice*, the complaint was filed on August 1, 2000, well within five years of the issuance of the wage payment demand (January 5, 1998). Consequently, the circuit court erred in dismissing the complaint as time barred.

For the foregoing reasons, the judgment of the circuit court of

Cook County is reversed and the cause remanded for further proceedings.

Reversed and remanded.

THEIS, P.J., and KARNEZIS, J., concur.